# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALE A. BRONCHO-BILL, | )<br>) |
| Plaintiff, | ) Civil Action No. 16-1655 |
| | ) Hon. Nora Barry Fischer |
| v. | )<br>) |
| MID-OHIO CONTRACTING, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

For the reasons that follow, pro se Plaintiff Gale A. Broncho-Bill's Complaint will be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff initiated the present litigation against Defendant, his former employer, Mid-Ohio Contracting, Inc., pro se, on November 1, 2016. (Docket Nos. 1, 3). Plaintiff alleges that Defendant violated the Americans with Disabilities Act of 1990 ("the ADA") after he was terminated when his random drug test was positive for THC. (Docket No. 3-1 at 1). Plaintiff contends that his test was positive as a result of pain medication that he has taken since having undergone neck surgery in September 2015. (Docket No. 3 at 4; Docket No. 3-1 at 1).

The Court held a Case Management Conference on February 6, 2017, at which time counsel for Defendant stated that he would depose Plaintiff. (Docket No. 17). The Court also entered a Case Management Order with a fact discovery deadline of June 1, 2017. (Docket No. 18). On May 23, 2017, Defendant filed a Motion to Compel Plaintiff's Deposition, wherein it states that Plaintiff had refused to appear for his deposition because his car was in disrepair and because he could not afford to travel by bus. (Docket No. 21 at 2-3). The Court ordered Plaintiff to respond to Defendant's motion by June 2, 2017. (Docket No. 22).

1

After Plaintiff failed to respond to Defendant's motion, the Court issued a Rule to Show Cause Order upon Plaintiff to address why this matter should not be dismissed by June 20, 2017. (Docket No. 23). On June 13, 2017, the Court received a mailing from Plaintiff that related to his Social Security claim and was not responsive to the Court's Show Cause Order. (Docket No. 24). Thus, the document was not filed, and it was returned to Plaintiff. (*Id.*). On June 21, 2017, Plaintiff filed a Motion to Continue, which the Court construed as a motion for an extension of time to respond to the Show Cause Order entered on June 6, 2017. (Docket No. 27). The Court granted Plaintiff's motion, ordering Plaintiff to respond to the Show Cause Order by June 28, 2017; stating that no further extensions or enlargements of time will be granted; and advising Plaintiff to follow this Court's Orders and Practices and Procedures, the Local Rules of Court for the Western District of Pennsylvania and/or the Federal Rules of Civil Procedure. (*Id.*). On June 22, 2017, the Court received another mailing from Plaintiff that related to his Social Security claim and was, therefore, again returned to Plaintiff. (Docket No. 29). On June 28, 2017, Plaintiff filed a response to the Court's Show Cause Order, wherein he "take[s] full responsibility for failure appearance [sic] to show up to court." (Docket No. 30). He also states, "Having incomplete Notice of Disposition meeting lacking funds while trying to deal with S.S.A. about S.S.I. disability." (*Id.*).[1]

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a plaintiff's case for failure to prosecute. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This Court may sua sponte dismiss a case under Rule 41, but must "use caution in doing so." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). In

---

[1] The Court granted Plaintiff's motion for leave to proceed in forma pauperis after he filed his Complaint. (Docket No. 2)

determining whether dismissal is warranted, this Court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). The Court need not find each and every factor in order to justify dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988). When a district court has doubt, the decision of whether to dismiss "'should be resolved in favor of reaching a decision on the merits'" and alternative sanctions should be used. *Roman v. City of Reading*, 121 F. App'x 955, 958 (3d Cir. 2005) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)). The *Poulis* factors, however, do not provide a "'magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by' the Court of Appeals." *Durah v. Rustin*, 05-CV-1709, 2006 WL 2924788, at *2 (W.D. Pa. Oct. 10, 2006) (quoting *Mindik v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In this Court's estimation, after applying the *Poulis* factors in the manner described below, dismissal of this case is appropriate due to Plaintiff's failure to comply with this Court's Orders and to otherwise prosecute this case.

  1. The Extent of a Party's Personal Responsibility

As noted, Plaintiff is representing himself pro se. Therefore, he is personally responsible for prosecuting his case and for adhering to this Court's Orders. *See Briscoe*, 538 F.3d at 258 ("[A] pro se plaintiff is responsible for his failure to . . . comply with a court's orders."). He has failed to do so and this factor weighs in favor of dismissal.

2.     Prejudice to the Adversary

Defendant is clearly prejudiced by Plaintiff's actions as the period for discovery closed on June 1, 2017, and it has been able to depose Plaintiff. Defendant has now incurred costs associated with filing its Motion to Compel Plaintiff's Deposition. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("irremedial harm" is not required; rather "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."); *Briscoe*, 538 F.3d at 259 (noting that prejudice equates to "'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party'") (quoting *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)); *see also Kim v. Columbia Cnty. Children & Youth Servs.*, No. 15-CV-2331, 2016 WL 8257721, at *4 (M.D. Pa. Dec. 19, 2016) ("In failing to attend his deposition, Kim has actively prejudiced the defendant from being able to defend Kim's civil rights claim against it."). Accordingly, this factor weighs in favor of dismissal.

3.     A History of Dilatoriness

There has been a pattern of dilatoriness by Plaintiff in this case; he has missed several deadlines and taken little action beyond filing his complaint over seven months ago. As discussed above, Plaintiff did not respond to Defendant's Motion to Compel Plaintiff's Deposition. Further, when the Court issued a Show Cause Order upon Plaintiff to address why this matter should not be dismissed, he failed to respond by the deadline. Rather, one day after the deadline, Plaintiff filed a Motion to Continue, which the Court construed as a motion for an extension of time to respond to the Show Cause Order.

In *Poulis*, the Court of Appeals held that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable." *Poulis*, 747 F.2d at 868. Plaintiff's repeated failure to meet deadlines established by this Court demonstrates a history of dilatoriness. This factor weighs in favor of dismissal.

4. Whether the Party's Conduct was Willful or in Bad Faith

Although Plaintiff has responded to the Court's Show Cause Order, his response is inadequate because it does not address why this matter should not be dismissed. Despite same, the Court construes Plaintiff's response to mean that he has failed to prosecute his case because of his financial difficulties.[2] Further, although there has been a pattern of dilatoriness by Plaintiff in this case, "tardiness, which is not excused by inability, is not necessarily willful." *N'Jai v. Floyd*, No. 07-CV-1506, 2009 WL 1531594, at *19 (W.D. Pa. May 29, 2009); *see also Briscoe*, 538 F.3d at 262 ("[W]illfullness involves intentional or self-serving behavior."). However, there is also no evidence that the missed deadlines were the product of "excusable neglect," mere inadvertence or some other satisfactory reason. *Poulis*, 747 F.2d at 869. Thus, this factor is neutral in the Court's analysis.

5. Alternative Sanctions

Given Plaintiff's pro se status, he has no attorney upon whom this Court could impose expenses for failing to comply with the Court's orders and with his discovery obligations under the Federal Rules of Civil Procedure. Because Plaintiff is proceeding in forma pauperis and has

---

[2] To this end, the Court notes that "[a]lthough [P]laintiff is proceeding in forma pauperis, the [C]ourt has no authority to finance or pay for a party's discovery expenses." *Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009). Rather, "[i]t is [P]laintiff's responsibility to pay for the costs associated with the taking of a deposition," which includes Plaintiff's travel expenses here. *Id.*

5

indicated that he lacks financial resources, monetary sanctions, including an attorneys' fees award, would not be an effective alternative sanction. Further, as discussed above, Plaintiff's response to the Court's Show Cause Order is inadequate. Plaintiff has been advised on three occasions that his failure to comply with the Court's Orders may result in the dismissal of his case but has not responded to same. (Docket Nos. 11, 20, 27). Accordingly, dismissal is the only appropriate sanction.

      6.      Meritoriousness of Plaintiff's Claim

As to the meritoriousness of Plaintiff's claim, in support of its Motion to Compel Plaintiff's Deposition, Defendant has provided the Court with Plaintiff's response to requests for admissions. (Docket No. 21-2). Plaintiff admitted the following:

> 2. Please admit that you were terminated by Mid-Ohio Contracting, Inc. on or about June 30, 2016.
> 3. Please admit that you were terminated by Mid-Ohio Contracting, Inc. on or about June 30, 2016, because you were working while under the influence of marijuana.
>
>       *      *      *
>
> 12. Please admit that on June 23, 2006, you underwent a random drug screen as part of your employment with Mid-Ohio Contracting, Inc.
> 13. Please admit that a true and correct copy of the Federal Drug Testing and Control Form for your random drug test on June 23, 2016, is attached hereto as Exhibit "A."
> 14. Please admit the results listed on the Federal Drug Testing and Control Form, which is attached hereto as Exhibit "A," for your random drug test on June 23, 2016, are accurate and correct.
> 15. Please admit that you tested positive for the use of marijuana as a result of the June 23, 2006, random drug screen.
>
>       *      *      *
>
> 19. Please admit that Mid-Ohio Contracting, Inc. terminated your employment solely because you were using marijuana.

(*Id.* at 2, 4-5). Given Plaintiff's admissions, particularly that he was terminated *solely* because he was using marijuana, (*id.* at 5), the Court cannot conclude that his claim for discrimination

under the ADA is meritorious. *See, e.g.*, *Mollo v. Passaic Valley Sewerage Comm'rs*, No. 07-CV-1655, 2009 WL 5216976, at *13-14 (D.N.J. Dec. 30, 2009) (granting summary judgment as to the plaintiff's claim under New Jersey's Law Against Discrimination because the plaintiff did not dispute the accuracy of the drug test results). Further, Plaintiff cannot demonstrate that he is a "qualified individual" under the meaning of the ADA because the ADA states that a "qualified individual with a disability" does not include "any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a); *see also Law v. Garden State Tanning*, 159 F. Supp. 2d 787, 792-93 (E.D. Pa. Feb. 8, 2001) (granting summary judgment as to the plaintiff's ADA claim because he was terminated for his drug use and could not show that he was a "qualified individual" under the ADA). Thus, this factor weighs heavily in favor of dismissal.

To conclude, balancing all of the factors under *Poulis* weighs in favor of the dismissal of Plaintiff's Complaint. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that the Defendant's Motion to Compel Plaintiff's Deposition, (Docket No. [21]), is DENIED, as moot.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Mr. Gale A. Broncho-Bill
1934 N. Keene Avenue
Fremont, NE 68025
(via e-mail and regular mail)